EMPIRE CIRCUIT CO. v. SULLIVAN et al.

(Circuit Court, S. D. New York. April 6, 1909.)

1. COURTS (§ 262*)—JURISDICTION—ADEQUATE REMEDY AT LAW.

In determining whether or not a complainant has a plain, adequate, and complete remedy at law which will deprive a federal court of equity of jurisdiction, recourse is to be had to the principles of equity, and not to the statutes of the state in which the court sits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 797; Dec. Dig. § 262.*]

2. EQUITY (§ 46*)—JURISDICTION—ADEQUATE REMEDY AT LAW.

A court of equity will take jurisdiction when the particular machinery of that court can do more complete justice between the parties than that of a court of law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 151; Dec. Dig. § 46.*]

3. ACCOUNT (§ 3*)—JURISDICTION—SUIT FOR ACCOUNTING BY TRUSTEE.

A contract based on a valid consideration, by which defendants agreed to account for and pay over to the other party a certain percentage of the receipts of a theater operated by defendants during a season, created a trust relation between the parties which, on the refusal of defendants to render an account, gives a court of equity jurisdiction to compel such accounting and payment.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 10–12; Dec. Dig. § 3.*]

4. ACCOUNT (§ 17*)—ACTION—SUFFICIENCY OF BILL.

A bill to compel an accounting by defendants as trustees under a contract held insufficient as failure to show that complainant was the party to whom the contract required the accounting to be made.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77, 78; Dec. Dig. § 17.*]

In Equity. On demurrer to bill.

Stuart G. Gibboney, for complainant.

House, Grossman & Vorhaus, for defendants.

MARTIN, District Judge. This is a demurrer to the orator's bill of complaint. The complainant alleges an agreement with the Union Theaters Company, whereby the complainant, among other things, is to procure shows for certain theaters for the period of 10 years, the proceeds thereof to be divided as set forth in the bill; that the defendants, "under the name of Sullivan & Kraus, were copartners in the management of certain theaters in the city of New York, and the corporation hereinafter mentioned as the Union Theaters Company was organized pursuant to the laws of the state of New York, with a small capital of a few thousand dollars, by the respondents as an aid to them in managing their theaters; * * * that about the 26th day of May, 1906, an agreement was entered into by and between your orator and the said Union Theaters Company, whereby, among other things, it was agreed that the said Union Theaters Company lease to your orator for the period of 10 years from the opening of the regular theater season in August, 1906, the Circle Theater, in the city of New

York, for the theatrical season each year, consisting of about 40 weeks from August in the fall to June in the following summer of each year, for the production of certain burlesque shows in weekly rotation, according to a schedule or route sheet, which your orator was to prepare each year, in conjunction with other theaters in other cities; and the gross receipts from the performances of each of said shows were to be divided; * * * " that subsequently the defendants, "who were the main owners of the stock of said Union Theaters Company," were desirous of making a change in said contract, and thereupon an agreement was entered into between the orator and the Union Theaters Company, with the approval of the respondents, to the effect that, instead of the shows managed by the orator being given in weekly rotation at said Circle Theater, the defendants should produce plays for a run and pay 5 per cent. of the gross receipts during the season of 1907–08; that the respondents took proceedings to have the Union Theaters Company dissolved, and thereupon assumed the management of the Circle Theater and assumed the contracts between the said Union Theaters Company and the orator; that plays were produced at said Circle Theater during said season of 1907–08, and there were receipts therefrom, but the orator does not know the amount of said receipts; that the defendants have never accounted to the orator for the gross receipts of said Circle Theater during said season of 1907–08 and have never paid the 5 per cent. thereof; and that the amount due the orator is upwards of $7,000.

There are also the usual allegations as to diverse citizenship and a prayer: That the defendants "make full disclosure and discovery of all the matters aforesaid, and according to the best and utmost of their knowledge, remembrance, information, and belief, full, true, direct, and perfect answer make to the matters hereinbefore stated and charged, but not under oath," etc.; "that the respondents may be decreed to account for and pay over the aforesaid 5 per cent. of the receipts of the said Circle Theater during said season."

The first ground of demurrer is that the orator "has a plain and adequate remedy by law," and that "the bill doth not contain any matter of equity." It was claimed in argument that the statute of New York affords adequate relief for an accounting in a case like this in a court of law. In determining whether there is a plain, adequate, and complete remedy at law, recourse is to be had to the principles of equity, not to the laws of the state in which the court sits. Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372; Barber v. Barber, 21 How. 583, 16 L. Ed. 226; Gordon v. Hobart, 2 Sumn. 401, Fed. Cas. No. 5,609.

It is also contended that the court of equity has no jurisdiction of such an accounting as is prayed for in this bill. Courts of equity will take jurisdiction when the particular machinery of that court can do more complete justice between the parties. Sullivan v. Portland & Kennebec R. R. Co., 94 U. S. 811, 24 L. Ed. 324. If it is true that these parties entered into a contract, for a valid consideration, whereby the defendants agreed to account for and pay over to the orator 5 per cent. of the receipts for the theater season of the year 1907–08, and they failed to account or make payment therefor, and have re-

fused or neglected upon request both to render an account and make payment, the court of equity should take jurisdiction and compel the defendants to account, and, if an amount.sufficient to give the federal court jurisdiction is found to be due the orator, decree payment of that sum. Such a contract creates a trust relation. The party agreeing to pay 5 per cent. is trusted to render .an account of the receipts and pass over to the other party the amount, in dollars and cents, of said 5 per cent. The orator trusts in him to make that accounting, and, if he fails to do it, the court of chancery should compel it. Should the parties be turned out of equity and compelled to proceed on the law side of the court, impanel a jury and try out each item—hear testimony as to the number of people that attended each of several hundred performances? Does the law furnish an equal remedy in such a case? I think not.

It is said that, under the English common law, equity may have concurrent jurisdiction with courts of law in all cases where the common-law action of account would lie. Fonblanque, Eq. 1, 10; Cooper, Tr. 26; Bispham, Eq. 483. In all cases where the accounts are intricate and a discovery is demanded, or where there should be an accounting for money held in trust, equity will take jurisdiction. If, as in this case, a trust is created in a contract for an accounting for receipts, I can see no reason why the same principle should not apply.

The trouble is, however, that the averments of this complaint are insufficient in bringing before the court just that state of things. Agreement Exhibit No. 1 appears to have been entered into between the Union Theaters Company and the Empire Circuit Company and the amount of 50 per cent. of the gross receipts is payable to the manager or owner of the show. The bill of complaint does not connect the orator with such manager, and agreement Exhibit No. 2 is based upon Exhibit No. 1 for its consideration. The failure of an averment in this regard is fatal to the bill without amendment.

Clause 4 of the bill of complaint avers the dissolution of the Union Theaters Company by the defendants, and that the defendants "thereby.assumed the management of the Circle Theater and assumed the contracts between the Union Theaters Company and the orator, as hereinbefore set forth." This is simply an allegation that they assumed the contracts with an agreement to pay the "manager or owner of the show." The only value of that averment is that it shows what became of the Union Theaters Company and who succeeded it.

The averment in clause 5 of the bill is deficient on demurrer. It does not set forth any consideration for the.agreement therein related and names but one party to that agreement. Its language is this:

"It was agreed that the respondents should produce plays for a run rather than by the week, and should pay, as before, 5 per cent. of the gross receipts of said Circle Theater during that season, to wit, the season of 1907–08."

Whether this agreement was made by the defendants with the orator or with the "manager or owner of the show" does not appear, neither does it appear for what consideration said agreement was made.

The demurrer is sustained.