### MORRIS & CO. v. WHITLEY et al.†

(Circuit Court of Appeals, Fifth Circuit. January 3, 1911.)

No. 2,123.

Account (§ 17*)—Jurisdiction—Bill.

Where a bill for an accounting alleged that for more than two years defendant had been complainant's confidential agent and broker for the sale of packing house products, under an arrangement whereby defendant was to add profits to minimum prices fixed by complainant, which profits were to be divided equally between complainant and defendant, that defendant had made sales, the amount of which was not known to complainant, and could not be known, as the buyers were unknown, and defendant refused to divulge the same, and that the amount in controversy was more than sufficient to give the court jurisdiction, and praying an account and settlement, it sufficiently alleged a fiduciary or trust relation between the parties, and was not demurrable on the ground that complainant had an adequate remedy at law.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77–88; Dec. Dig. § 17.*]

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rehearing denied January 31, 1911.

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

Bill in equity by Morris & Co. against C. R. Whitley and others for an accounting. From an order sustaining a demurrer to the bill (182 Fed. 286), complainant appeals. Reversed and remanded.

Geo. S. Jones and M. P. Callaway, for appellant.

Jno. R. L. Smith and W. P. Wallis, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. This is a bill seeking an accounting between the parties thereto. It is, in substance, that during a period of over two years the respondents were the confidential agents and brokers of complainant for the sale of packing house products on certain terms and conditions set out in the bill and exhibits. The minimum price of the articles intrusted to the respondents were fixed by complainant. The bill avers that respondents were authorized and expected to add to said minimum prices such profits as they saw fit, which profits were to be divided equally between complainant and respondents. The bill avers that there has been no final settlement of accounts, and there has been no account stated. The bill avers that there were sales made by the respondents at prices in excess of those fixed by complainant, the amount of which is not known to the complainant, and cannot be known to complainant, as the persons to whom the sales were made are not known to complainant, and the respondents refuse to give him such information, and that the aid of a court of equity is necessary to secure an accounting and settlement; that large quantities of merchandise intrusted to respondent had been disposed of by them, and that in the absence of accurate or correct information as to sales made at prices greater than the minimum prices fixed by complainant as to quantity, prices, etc. (which can only be obtained from respondents), the complainant is unable to state the account between them, but avers that it is more than sufficient in amount to give the court jurisdiction.

It sufficiently appears that there was a fiduciary or trust relationship of the parties. The facts alleged establish a joint interest in a specific undertaking which involves unsettled accounts, and that a court of law cannot afford a complete and adequate remedy in the premises. Fost. Fed. Prac. (3d Ed.) 30. In cases for an accounting the United States courts have jurisdiction in equity, certainly in cases of discovery (involved, though not specifically prayed for, in this case), where there are complicated accounts, and a fiduciary or trust relationship exists between the parties. Empire Circuit Co. v. Sullivan (C. C.) 169 Fed. 1009, and cases there cited; 1 Pom. Eq. § 186.

The Circuit Court erred in holding that there was no equity in the bill and in dismissing the same. The other grounds urged in the demurrers are not well taken.

Decree reversed, and cause remanded.