HAYWARD & CLARK et al. v. McDONALD et al.

(Circuit Court of Appeals, Fifth Circuit. January 11, 1912.)

No. 2,172.

1. COURTS (§ 328*)—FEDERAL CIRCUIT COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

That the amount sought to be deposited in a federal Circuit Court under a bill of interpleader was less than $2,000 did not defeat the court's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jurisdiction, where the bill also sought to enjoin each defendant from prosecuting suits against complainants for amounts in excess of $2,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts, as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. INTERPLEADER (§ 1*)—NATURE OF REMEDY.

Strictly speaking, a bill of interpleader is one in which complainant claims no relief against either defendant, merely asking that he be permitted to pay the money or deliver the property claimed by both defendants to the court, to be awarded to him to whom it belongs, and that he may thereafter be protected against both claims.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, pp. 788–790.]

3. INTERPLEADER (§ 10*)—RIGHT TO MAINTAIN.

An agent cannot maintain a bill of interpleader against his principal and a third person, who claims the fund in controversy by independent title; but if the third person's title is not independent, but derived from the principal, the bill may be maintained, the other prerequisites to a bill existing.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 12; Dec. Dig. § 10.*]

4. INTERPLEADER (§ 1*)—RIGHT TO RELIEF.

A complainant is not to be deprived of equitable relief because his case has not all of the attributes of interpleader, if he is entitled to relief on other equitable grounds.

[Ed. Note.—For other cases, see Interpleader, Dec. Dig. § 1.*]

5. EQUITY (§ 427*)—DECREE—CONFORMITY TO PRAYER—PRAYER FOR GENERAL RELIEF.

Prayer in a bill for general relief authorizes any relief warranted by the averments of the bill; and particular relief may be asked for on the hearing.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1001–1014; Dec. Dig. § 427.*]

6. EQUITY (§ 21*)—JURISDICTION—FIDUCIARY RELATIONS—PRINCIPAL AND AGENT.

The relation between principal and agent, being fiduciary in its character, may in itself confer jurisdiction in equity in proper cases.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 48, 49; Dec. Dig. § 21.*]

7. INTERPLEADER (§ 11*)—BILL—SUFFICIENCY.

A bill, showing that complainants were defendant's decedent's agents to buy cotton, grain, and securities, receive deposits of money from him for that purpose according to an account embracing more than 100 debit items and a larger number of credit items, that codefendant claims balance due him under transactions with decedent relating to a fund held by complainants, and that suits at law have been brought severally by the defendants on account of such fund, and praying to be permitted to deposit the fund in court, and that the suits at law be enjoined, and also praying general relief, is not bad as being without equity; an accounting being properly required to determine the amount of the fund.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 13–34; Dec. Dig. § 11.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Bill by Hayward & Clark and others against J. C. McDonald, administrator, and another. Decree dismissing the bill, and complainants appeal. Reversed and remanded.

The appellants, a commercial partnership, each member a citizen of Louisiana, brought their bill against the appellees, one of whom is a citizen of Georgia and the other a citizen of Texas. The bill contained the usual formal allegations found in bills of interpleader. The other material averments of the bill are indicated in the opinion. There was a prayer for process; a prayer to be allowed to bring into court $1,175.90, with interest, which the complainants admitted to be due on account of their dealings as the agent of F. M. McDonald, deceased; a prayer for an injunction against J. C. McDonald (the administrator of the estate of F. M. McDonald) against his prosecuting a suit against complainants for $5,727.49; a prayer for an injunction against John Hartman against his prosecuting a suit against complainants for $2,500; and a prayer for "such other and further orders and decrees as the nature of the case may require."

A demurrer to the bill presented but one ground, to wit:

"That the said plaintiff has not in and by his said bill shown any right and title whatever to compel this defendant and John Hartman, the other defendant to the said suit, to interplead."

The Circuit Court sustained the demurrer and dismissed the bill, and the complainants appealed.

Henry P. Dart, Jr. (Dart, Kernan & Dart, of counsel, on the brief), for appellants.

Solomon Wolff and Ernest T. Florance (E. J. Meral, on the brief), for appellees.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge, after stating the facts as above, delivered the opinion of the court:

[1] The appellees contend that the Circuit Court was without jurisdiction because the sum sought to be deposited is less than $2,000. This contention is based on only one feature of the case. The bill seeks to enjoin the two defendants, who are each suing the complainants for a sum exceeding $2,000. One of the purposes of the bill is to obtain protection from these suits. The value of the right sought to be protected, and not alone the amount which the complainant tenders into court, constitutes the value in controversy for jurisdictional purposes. Louisville & Nashville R. R. Co. v. Smith, 128 Fed. 1, 63 C. C. A. 1, and cases there cited.

[2, 3] The true limit of the jurisdiction in equity of bills of interpleader is not settled by the authorities in a very precise manner, and it is, of course, not necessary in the decision of any one case to consider all of the refinements that relate to the subject. If a plaintiff has money in his hands which is claimed by two or more persons, and the plaintiff has no claim to it himself, and has incurred no independent liability to either of the claimants, so that he is indifferent between them, a mere stakeholder, and is sued for, or is threatened with suit for, the fund by the rival claimants, his remedy is to file a bill of interpleader. In such case he would obtain a decree permitting

him to deposit the money in court and be discharged, with his costs, and the defendants would be required to interplead and contest their rights to the fund. So, in brief, it may be said that a bill of interpleader, strictly so called, is one in which the complainant claims no relief against either of the defendants, and only asks that he may be at liberty to pay the money or deliver the property to the court, to be awarded to the one to whom it of right belongs, and that he may thereafter be protected against the claims of both. Bedell v. Hoffman, 2 Paige (N. Y.) 199. It is sometimes held that, as a general rule, to sustain such a bill, it must appear that the complainant· has incurred no independent liability to either claimant. If the relation of principal and agent exists between the plaintiff and a defendant, that, it is said, creates an independent liability of the agent to the principal, and he could not, therefore, maintain a bill of interpleader against his principal and a third person claiming the fund by independent title. But it is settled that if such third person's title was not independent, but was derived from the principal, the other named conditions existing, such bill may be maintained. 4 Pomeroy's Eq. Jur. (3d Ed.) §§ 1326, 1327; Gibson v. Goldthwaite, 7 Ala. 281, 42 Am. Dec. 592; Pearson v. Cardon, 11 Eng. Ch. 605.

[4] So much for bills of interpleader strictly so called. Innumerable cases occur that have some of the features of a bill of interpleader, but have, in addition, other features that do not come within the definition of bills of interpleader. A complainant is not to be deprived of equitable relief, if entitled to it on other equitable grounds, because his case has some, but not all, of the attributes of interpleader in equity. For example, and to refer to a class of cases analogous to the one at bar, a complainant may have in his hands property or money to which others have conflicting claims, in reference to which property or conflicting claims the complainant may have equitable rights or claims and be entitled to equitable relief. In such case, while he cannot maintain a bill of interpleader strictly so called, he is nevertheless entitled to relief, and is permitted to maintain a bill in the nature of a bill of interpleader. Darden's Adm'r v. Burn's Adm'r, 6 Ala. 362; Van Winkle v. Owen, 54 N. J. Eq. 253, 34 Atl. 400; Mohawk & Hudson R. R. Co. v. Clute, 4 Paige (N. Y.) 384; Nofsinger v. Reynolds, 52 Ind. 218, 225; Pusey & Jones Co. v. Miller (C. C.) 61 Fed. 401; Stephenson & Coon v. Burdett, 56 W. Va. 109, 48 S. E. 846, 10 L. R. A. (N. S.) 748; Groves v. Sentell, 153 U. S. 465, 486, 14 Sup. Ct. 898, 38 L. Ed. 785; 3 Street's Fed. Eq. Prac. § 2243; 1 Foster's Fed. Prac. (4th Ed.) § 89; 1 Story's Eq. Pldg. (8th Ed.) § 297b; 5 Pomeroy's Eq. Jur. (1 Eq. Rem.) § 60; 2 Daniell's Ch. Pldg. & Prac. (5th Am. Ed.) 1495; 11 Ency. Pl. & Pr. 479.

[5-7] The complainants were the agents of F. M. McDonald, now deceased, for the purpose of making purchases of cotton, grain, and securities. For that purpose they received deposits of money from McDonald. The account between complainants and McDonald is made an exhibit to the bill. It shows more than 100 items of debit and 121 items of credit. The former range in amount from 25 cents to $1,677.47, and the latter from 20 cents to $2,125.40. The account,

as exhibited by the complainants, shows a balance against them of $1,175.90, which they offer to pay into court; but the bill shows that McDonald's administrator claims, as due him on account growing out of the transactions, $5,727.49, and the defendant Hartman claims $2,500 due him by virtue of transactions with the deceased, McDonald, relating to the fund held by the complainants. Hartman's claim is derived from McDonald, deceased. Suits at law have been brought by the defendants for these sums, respectively. It is apparent from the averments of the bill that an accounting will be necessary to ascertain the true amount of the complainant's liability. This necessity could have been shown by more formal averments; but no objection has been made to the bill in this regard. The bill contains no special prayer for an accounting, as is usual in such cases; but it contains a prayer for general relief, and, on such prayer, any relief may be had that the averments of the bill may warrant. Kelly v. Payne, 18 Ala. 371. The particular relief may be asked for on the hearing. Story's Eq. Pl. § 41. The relation between agent and principal is fiduciary in its character, and, in proper cases, may, in itself, confer jurisdiction in equity. Morris & Co. v. Whitley, 183 Fed. 764, 106 C. C. A. 206; 1 Pomeroy's Eq. Jur. (3d Ed.) § 186, p. 236. In Winfield v. Bacon, 24 Barb. (N. Y.) 154, it was held that one, having a fund in his hands which he holds in a fiduciary capacity and for which two claimants are suing separately, may bring an action in the nature of a bill of interpleader against the rival claimants. In the case at bar there is an additional equity, for it appears that an accounting may be required to determine the amount of the fund. Blythe v. Whiffin, 27 L. T. (N. S.) 330; Hatfield et al. v. McWhorter, 40 Ga. 269.

When it is considered that a relation of trust exists between the complainants and McDonald's estate as to the fund held by them, and as to any sum which may be found due arising from such fiduciary relation, and that an accounting will be required to ascertain the amount, and that there are rival claimants for the fund, and that separate suits have been brought against the complainants for a sum largely in excess of what they admit is due from them, it seems to us clear that the bill is not without equity.

The decree is reversed, and the cause remanded, with instructions to overrule the demurrer.