FORBES v. WILSON et al.

(District Court, N. D. Ohio, E. D.   June 7, 1917.)

No. 358.

1. EQUITY ☞363—PRACTICE—PLEADING.
    Under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), abolishing demurrers and pleas, and providing that every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of facts to constitute a cause of action, which might heretofore be made by demurrer or plea, shall be made by motion to dismiss or in the answer, a motion to dismiss a bill for insufficiency in law being a substitute for a general demurrer, all facts must be taken as true.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 762–766, 768.]

2. CORPORATIONS ☞320(7)—SUITS BY STOCKHOLDERS—APPEAL TO CORPORATE AUTHORITIES.
    Equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv) declares that every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may be properly asserted by the corporation, must be verified, and must set forth with particularity the efforts of the plaintiff to secure such action as he desired on the part of the managing directors or trustees, and if necessary on the shareholders, and the causes of his failure to obtain such action or the reasons for not making such effort. Complainant's bill alleged facts showing that the corporate defendant was organized by the individual defendant, who became its president, for the purpose of marketing a dental specialty manufactured by the president; that the president agreed at the expiration of two years to furnish such specialty to the corporation at the actual cost of manufacturing, but that he greatly overcharged the company. The bill further alleged that the president and his family held 60 per cent. of the stock of the corporation, and the contract between the president and the corporation made extensive provisions to enable the president to keep the formula of the dental specialty a secret, providing that nothing should obligate the president to submit his books or records for inspection, or to furnish detailed information which in his judgment would lead to an exposure of his secret process. *Held* that, as the bill alleged a refusal on the part of the president to submit his books or records for inspection, and as it was shown that he dominated the corporation, the bill, which sought a discovery and accounting as to the actual cost of producing

the specialty, was not subject to attack on the ground that it failed to disclose an effort on the part of complainant to induce the corporation to act; it being obvious that such effort would have been futile.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1433.]

**3.** CORPORATIONS ⬅320(4)—ACCOUNTING AND DISCOVERY—STOCKHOLDER'S ACTION AGAINST OFFICERS.

In such case, notwithstanding the contract provisions designed to keep the formula a secret, and to require the corporation to accept as conclusive the verified statement by the president as to the cost of producing the specialty, complainant is entitled to relief by discovery and accounting, though such procedure might possibly reveal the secret formula, for otherwise the president, by increasing his charges, might readily absorb all of the corporate earnings.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1429, 1431.]

In Equity. Bill by George M. Forbes against Odell Wilson and another. On motion to dismiss the bill. Motion denied.

Frederick A. Henry, of Cleveland, Ohio, for complainant.

Carl W. Schaefer, of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. This case is before the court on defendant's motion, under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), to dismiss complainant's bill for insufficiency in law. The motion is based on two grounds, namely: (1) Complainant, being a stockholder of the corporation defendant, does not show compliance with new equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv). (2) The facts alleged are not sufficient to constitute a valid cause of action in equity.

[1, 2] This motion is a substitute for a general demurrer, and, in consideration of it, all of the facts therein pleaded must be taken as true. The outstanding facts may be briefly stated:

The defendant the Corega Chemical Company was promoted and organized by the defendant Odell Wilson. In consideration of a transfer from Wilson to this corporation of certain rights to sell a dental specialty known as "Corega," all of the stock was issued to Wilson. The contract was agreed upon either at or prior to the organization of the corporation, and at the time the contract was adopted and made by the corporation Wilson was the owner of substantially all of the stock. A part of the agreement required him to transfer to the corporation 6,000 of its 20,000 shares, and these shares, thus transferred, were from time to time to be sold to provide capital for the corporation thus organized. Complainant is now the owner of some part of this stock. His entire holdings, it is stated, are 30 per cent. of the total outstanding, and he has invested therein, or advanced to the corporation, an aggregate of $24,000.

The defendant Wilson, and members of his family, are now the holders of 60 per cent. of the capital stock. The board of directors, it is alleged, is and always has been composed of five persons, of whom Wilson, his sister, and his personal lawyer constitute a majority. Wilson is and has been president and manager of the corporation. The absolute control of the corporation is alleged to be in him.

The product known as "Corega" is produced according to a secret formula devised by Wilson. He had devised and was producing and selling it before the organization of the corporation. The contract between him and the corporation provides for the manufacture and delivery by him of this product to the defendant corporation, in packages ready to be sold and delivered to the trade. The contract fixes prices at which Wilson was to furnish this product during the first two years. At the end of the second year, the price for. the preceding year was to be adjusted on the basis of actual cost to Wilson of producing the same. It is alleged that Wilson represented the prices fixed in the contract were the actual cost to him of manufacturing and delivering the product, ready for sale and distribution.

The bill alleges that the prices originally fixed in the contract, and the prices set forth in Wilson's statement of the actual cost of manufacturing and production during the second year, are grossly in excess of the true cost; that the actual cost is substantially not more than one-third of that fixed in the contract; that on October 16, 1914, an accidental discovery was made of the overcharge, and voluntary restitution was made in part by Wilson, but that there still remains large excess charges, both as to the first and second year's cost; that the statement of actual cost for the second year submitted by Wilson is false and misleading, and grossly in excess of the true cost; and that the defendant Wilson refuses to furnish his books or records for inspection, or to give detailed information, because so doing would, in his judgment, disclose the secret formula according to which the product "Corega" is made.

The contract in question contains careful provisions for safeguarding the secret formula, devised by Wilson, and according to which this product is made. It is expressly agreed that he shall not be obliged to disclose the same. A presumptively correct copy of this formula was, pursuant to the agreement, placed in trust, subject to the joint control of Wilson and of the defendant corporation. The contract provides that, in case of death or other incapacity of Wilson, this formula should be turned over to a trustee to be selected by a four-fifths majority of the board of directors, which trustee and his successors should continue to supervise its manufacture and preserve the secret thereof inviolate for the benefit of both parties.

The contract also provides that nothing therein contained is to oblige Wilson to submit his books or records for inspection, or to furnish detailed information of any kind, which, in his judgment, might lead to exposure of the secret process. The actual costs to Wilson, the contract provides, should be determined by him after careful inventory, and from his sworn statement furnished to a board of directors.

The foregoing is not an exhaustive, but in my opinion a sufficient, statement of the controlling facts. On the basis thereof, complainant seeks a discovery and an accounting as to the exact cost to Wilson of manufacturing and delivering his product to the defendant corporation. Certain additional allegations are made, tending to show why application to the board of directors or to stockholders for relief would be useless and unavailable.

I am of opinion that the allegations of the bill are a sufficient compliance with equity rule 27. If they do not set forth with sufficient particularity the efforts made by complainant to secure action from the managing directors and shareholders, they do clearly set forth sufficient reasons for not making any further effort than is alleged. The relations of Wilson to the corporation from its organization to the present time are themselves sufficient reasons why an application to a board of directors or to a meeting of stockholders would be a vain and useless thing. The board of directors or the meeting of stockholders, which he controls, would have to seek relief from Wilson himself. He is the alleged offender and wrongdoer, against whose action all relief is sought. These considerations bring the case within the rule of Doctor v. Harrington, 196 U. S. 579, 588, 25 Sup. Ct. 355, 49 L. Ed. 606; Delaware & Hudson Co. v. Albany, etc., R. R. Co., 213 U. S. 435, 29 Sup. Ct. 540, 53 L. Ed. 862.

The rules invoked by defendant's counsel are properly applicable only when the parties against whom relief is sought are not those in control of the corporation itself. In that situation, the directors and stockholders properly represent the corporation and are entitled to exercise a judgment and discretion in determining whether the interests of the corporation require action or litigation. In this situation, however, those in control of the corporation are not in a position to determine fairly and impartially whether the interests of the corporation require legal action. These considerations alone are sufficient reasons for not requiring further effort than the bill alleges has been made to obtain relief from the directors and stockholders of the defendant corporation.

[3] If the allegations of the bill are true, a good cause in equity for discovery and accounting is made. The principles sustaining the jurisdiction of equity, upon the facts set forth, are familiar and need not be reviewed. See 1 Cor. Jur. 616, 617, 716, 717; Morris & Co. v. Whitley, 183 Fed. 764, 106 C. C. A. 206.

The contract provisions designed to keep secret Wilson's process for making Corega, and to require the corporation to accept, as conclusive, his sworn statement of cost, furnish no adequate legal reason why complainant should be denied the relief he seeks. This is not an action to reopen an account for fraud or mistake; but, if it were, the allegations of the bill would be sufficient. See 1 Cor. Jur. 716, 717. The situation here is an agreement imposed by the defendant Wilson upon a corporation promoted and organized by him, and places in him a power adequate to absorb all the earnings and capital of that corporation; indeed, there is no limit, except his conscience, to his ability to raid its treasury. If his contract right to keep secret the process for making Corega conflicts with the corporation's right to a discovery and an accounting of the exact cost, the latter would have to prevail. It does not necessarily follow that both rights cannot be adequately protected. That contracting parties cannot oust the power in this respect of a court is established by B. & O. R. R. Co. v. Stankard, 56 Ohio St. 224, 46 N. E. 577, 49 L. R. A. 381, 60 Am. St. Rep. 745.

Many considerations have been urged upon me by defendants' counsel, both orally and in brief. All of them have been duly weighed and considered, even if not adverted to in this memorandum. Counsel

will, of course, understand that the expressions herein apply only to the bill as framed, and the admission, for the purposes of this motion, that its allegations are true, and that if, after answer and upon a hearing, a different situation is created, it will be promptly recognized.