## SMITH v. ST. PAUL FIRE & MARINE INS. CO.

### No. L–7579.

District Court, E. D. New York.
April 28, 1938.

William Otis Badger & Son, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, of New York City, of counsel), for defendant.

GALSTON, District Judge.

In this action at law the plaintiff moves to strike out affirmative equitable defenses and equitable counterclaims.

From the pleadings it appears that Lewis C. Smith, the decedent, had been an agent of the defendant from December 5, 1931 to July 31, 1937, the date of his death. It is alleged that during the last illness of the decedent the defendant enlarged its agency contract with Smith by making Josephine N. Smith, the plaintiff herein, a party thereto with all the powers to operate the agency that had been vested in Lewis C. Smith, and that it continued said authority subsequent to Smith's death.

In brief, the complaint is that the defendant wrongfully took over all the business of the Smith agency and all of its employees without the knowledge or consent of the plaintiff, and continued to solicit and exploit the customers of the agency in violation of the contract with the decedent and to the detriment of the estate. The second cause of action sets up the same act of conversion as against the interest of the plaintiff as an individual.

The answer admits that the decedent was a nonexclusive agent of the defendant, authorized to write, for and on behalf of the defendant, policies and certificates of insurance, to collect premiums thereon, to adjust and pay losses thereunder and to deduct commissions from the premiums collected. The answer denies that the defendant converted the business and then sets up two equitable defenses and counterclaims—in effect a bill in equity for an accounting. Among other things it is alleged that the decedent issued on defendant's behalf some 200,000 certificates or policies of insurance of a total capital amount in excess of $1,000,000; that he collected premiums in excess of $500,000; that he paid or caused to be paid on defendant's behalf hundreds of loss claims aggregating $185,-000. The counterclaim alleges that defendant is without knowledge of policies or certificates issued on its behalf and is without knowledge of the exact monies collected by the decedent, and that no accounting with respect to the policies or premiums has ever been made by the decedent or his personal representative. It is contended that the defendant has no adequate remedy of law and no knowledge of or means of ascertaining the precise amount of monies which the decedent collected upon its behalf; that he concealed from the defendant the issuance of numerous policies and certificates of insurance, and likewise concealed the collection of large sums of money constituting premiums, and failed to maintain and keep adequate books of account.

In respect to the plaintiff individually, it is alleged that she too was under a fiduciary duty to the defendant, and in violation thereof she also failed to account to the defendant for the monies collected by her on its behalf, and that it is without knowledge as to the precise amount of money so collected. The defendant seeks an interlocutory decree requiring the plaintiff, individually and as executrix, to render an account for the period from January 1, 1932 to August 31, 1937, and for other equitable relief.

The plaintiff urges that because the defendant wilfully deprived the plaintiff of her records and took over the employees of the agency it cannot demand an accounting, and that the charges of fraud contained in the counterclaim are on in-

formation and belief and are too general to be the basis of a recovery.

Title 28 U.S.Code, § 398, 28 U.S.C.A. § 398, provides:

"Equitable defenses and equitable relief in actions at law. In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

■ This right cannot be defeated because the complaint alleges a conversion of the plaintiff's books by the defendant. One of the important allegations in the answer is that these books are incomplete and fail to give the information that the defendant seeks.

■ Nor can the contention that the defenses should be stricken out as sham and insufficient be considered on this motion. An equitable counterclaim changes the nature of the proceeding so far as defendant's affirmative relief is concerned from an action at law to a suit in equity. In Liberty Oil Co. v. Condon Nat. Bank, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232, it was said (page 121):

"Where an equitable defense is interposed to a suit in law, the equitable issue raised should first be disposed of as in a court of equity, and then, if an issue at law remains, it is triable to a jury. * * The equitable defense makes the issue equitable, and it is to be tried to the judge as a chancellor."

See, also, Union Pacific Railroad Co. v. Syas, 8 Cir., 246 F. 561; Uproar Co. v. National Broadcasting Co., 1 Cir., 81 F. 2d 373.

Equity Rule 29, 28 U.S.C.A. following section 723, provides for the testing of the sufficiency of a bill in equity. It reads:

"DEFENSES—HOW PRESENTED. Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

■ The Conformity Act is not applicable to a suit in equity. Title 28 U.S.Code, § 724, 28 U.S.C.A. § 724.

■ Therefore, the only question to be determined is the sufficiency of the counterclaims as constituting a bill in equity.

The pleadings disclose a fiduciary relationship between the parties involving transactions of a very considerable magnitude. It appears, in addition to the matters heretofore set forth, that Smith caused to be appointed some 1,200 agents or sub-agents of the defendant from whom he collected premiums. Allegations, if proved, that during the period of his agency the plaintiff never rendered to defendant an accounting of all of these transactions would be sufficient without any allegation of fraud to entitle the defendant to an accounting. When consideration is given to the numerous transactions, the great number of agents involved, the substantial sums of money over which the plaintiff Smith had control, and the long period of the agency, it appears the counterclaims do set forth a sufficient ground for asking the relief prayed for. See Empire Circuit Co. v. Sullivan, C.C., 169 F. 1009; Morris & Co. v. Whitley, 5 Cir., 183 F. 764; Kirby v. Lake Shore & M. S. Railroad, 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569; Quality Realty Co. v. Wabash Ry. Co., 8 Cir., 50 F.2d 1051; Rivoli Drug Co. v. Lynch, 9 Cir., 50 F.2d 536; U. S. v. Carter, 217 U.

S. 286, 30 S.Ct. 515, 54 L.Ed. 769, 19 Ann. Cas. 594.

The motion must accordingly be denied.