## SMITH v. ST. PAUL FIRE & MARINE INS. CO.

### No. L–7579.

District Court, E. D. New York.

Oct. 1, 1940.

Badger & Lockwood, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City, for defendant.

BYERS, District Judge.

According to a stipulation filed in connection with a motion heard on September 25th, the plaintiff has filed her account, which has been settled by the parties except as to two items designated "Correction No. 3" and "Correction No. 4", as to which a dispute exists and concerning which disposition by the Court is sought.

The first question is .whether adjustment expenses incurred by the defendant subsequent to August 31, 1937, in connection with policies written prior to that time by the Smith Agency, should be credited to the de-. fendant on this accounting. The sum involved is $3,075.24.

The employment of Smith by the defendant as its agent embraced the agreement that there should be charged back against the agent, advances made for his account for license fees of solicitors of policies written through his agency; and adjustment expenses in connection with losses arising on policies written by or for him.

Obviously this was a contract obligation between Smith and the defendant. It is equally clear that because this is a proceeding in equity, and the accounting is part of it, no reason is thereby presented for ignoring the obligation; indeed it is the more insistent because its origin lies in the mutual purpose of Smith and his employer.

The answer to the first question of law presented by the stipulation is that the defendant company is entitled to a credit in the accounting in the said sum of $3,075.24.

The second question is whether there should be included in gross premiums according to Schedule 7, for the purpose of computing the profit-sharing or contingent participation on the part of the plaintiff's decedent, premiums which he collected as agent for the defendant but did not remit to it, converting them to his own use. As to this question, it is not presently intended to expand what was said in the opinion dated October 6, 1939.

Smith's representative should not be treated on this accounting any more favorably than Smith would be, if he were present in person to deal with the defendant. It would indeed come with poor grace from him to assert that he should reap the same financial reward from funds which he purloined, as from those which he handled with fidelity.

The earning of the 20% profit-sharing element of his compensation was necessarily conditioned upon his putting his employer in a position to earn a profit, which was manifestly impossible so long as he withheld its only source of profits, namely, insurance premiums.

Nothing could be more incongruous than for a defaulting agent to be permitted to profit by his very defalcation.

The gross premium item referred to in the second question should embrace only premiums collected for and remitted to the defendant.

Settle decree.