## SMITH v. ST. PAUL FIRE & MARINE INS. CO.

No. L-7579.

District Court, E. D. New York.

Sept. 15, 1942.

Supplemental Opinion Sept. 25, 1942.

William Otis Badger, of New York City, for plaintiff.

Bigham, Englar, Jones & Houston, of New York City, for defendant.

BYERS, District Judge.

This is a motion to vacate or amend an interlocutory order or decree of January 20, 1939, directing an accounting. There was a final order settling the account on October 15, 1940, from which no appeal was taken so far as the records of this court disclose.

The history of this litigation can be gleaned from these reports: D.C., 23 F. Supp. 420; D.C., 25 F.Supp. 745; D.C., 35 F.Supp. 80, and D.C., 45 F.Supp. 305, 310.

In the latter appears the opinion disposing of the contest finally, which closes with these words: "It, therefore, becomes clear that while the Saint Paul converted the agency to its own use without legal right, the plaintiff's action must fall and she cannot recover damages because of the lack of proof upon which a finding of damages in her favor can be made."

Elsewhere therein it is shown that the inability to prove damages proceeds not from the defendant's retention of the books and records of the agency (after delivery by the plaintiff and failure to procure return) but from the showing made by the books, which reflected an annual loss (except in 1936) which totaled about $25,000.00 from 1932 to the decedent's death on July 31, 1937.

The moving affidavit by plaintiff's attorney states in part:

"It is thus now conclusively established that the defendant had been guilty of tortious and reprehensible conduct. A court of equity should not have extended equitable relief to the defendant by directing an accounting, but should have postponed the accounting proceeding until the question of the propriety of defendant's actions was determined. Defendant should have been held to the equitable rules that he who comes into equity must come in with clean hands; and that he who seeks equity must do equity.

"Your deponent therefore prays that the Court reconsider its decision in the inter-

locutory order and vacate and set aside the same and permit the plaintiff to prove damages of a sum less than $63,000.00."

It is doubtful if Rule 52(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, contemplates such an amendment to the findings made three years and eight months prior to this motion. I should suppose that the final order of October 15, 1940, should have been appealed from, if the plaintiff proposed to review the aspect of the case which was properly denoted as equitable, when the first opinion was written and the order thereon was signed. Perhaps that is debatable, since all proceedings are about to ripen into one final judgment which will embody the outcome of the various proceedings, hearings and the trial heretofore had.

■ The motion must be denied on the following substantial grounds:

The motion to strike the equitable defenses and counterclaims was denied in spite of the plaintiff's assertion that the defendant had done the things which the Court has now declared the evidence to have established; i. e., deprived the plaintiff of her records and taken over the employees and the agency, etc.

That was the law of the case when the hearing was had pursuant to the order transferring to the then equity side of the court the equitable issues tendered by the defendant.

The most recent finding that "the Saint Paul without right converted the agency to its own use" does not change the fact that the decedent has been shown to have been indebted to the defendant in the sum of $63,277.08 arising from his mishandling of funds as the agent of the defendant.

The plaintiff brought the defendant into court, and no good reason appears, from all that has been laid bare in this long litigation, why the defendant should not have been permitted to plead and prove its equitable defenses and counterclaims.

■ I agree that the agency, such as it was, should not have been summarily acquired; after Mrs. Smith put the defendant into possession of its tangible apparel, that should have been returned to her some two months or more later, when she made her demand. It is not entirely clear to me,

however, that she would have thereby acquired anything having a market value. The failure of the defendant to make that return, in view of the chaotic condition of the records and the almost daily revelations of misconduct which were in the process of coming to light, and the necessity for making some effort to preserve outstanding policy and agency arrangements, present mitigating considerations; tortious the defendant's conduct was in the legal sense, and the present decision is not intended to suggest the contrary, but, even so, no sufficient reason has been shown for granting the relief presently sought.

Motion denied. Settle order.

### Supplemental Opinion.

The memorandum of decision bearing date of September 15, 1942, was written 13 days after the motion had been referred to me, and during that interval no briefs were received, nor had it been intimated that any would be filed. At the request of plaintiff's attorney for the consideration of briefs, made after the memorandum had been handed down, such have been submitted and the matter has been reexamined in the light of plaintiff's written argument.

The decision announced will be adhered to, since no legal reason for other or different disposition has been presented.

■ While the provisions of the final judgment are to be determined by another judge, it may be appropriate here to state that it is not my understanding, as the result of the proceedings had before me, that the plaintiff is to be held liable in her personal capacity for more than she was so accountable for, namely: (a) the unaccounted for receipts that were chargeable to her from and after the date that she undertook to operate the business of the Smith Agency as her individual enterprise, until she surrendered the business to the defendant; and possibly, (b) any funds that she received as beneficiary under her husband's will from other assets which may have been distributed to her by the executrix, to the extent of her deceased husband's withholdings from the defendant, as established in the accounting ordered in the Equity side of the court.

Order denying motion to be settled on 2 days' notice.