### STREAT v. AMERICAN RUBBER CO.

(Circuit Court, S. D. New York. April 30, 1902.)

1. PATENTS—SUIT FOR INFRINGEMENT—MODE OF PRESENTING JURISDICTIONAL QUESTIONS.

In a suit against a corporation of another state for infringement of a patent, the question whether it has been shown that the article complained of, conceding it to be an infringement, was sold by defendant within the district, so as to give the court jurisdiction, may properly be presented by a motion to dismiss made at the close of plaintiff's proofs.

2. SAME—ADMISSIONS IN PLEADING.

An undenied allegation, in a bill for infringement against a nonresident corporation, that defendant "has a regular and established place of business" within the district, relates to the date of the suit, and establishes such fact for jurisdictional purposes.

In Equity. Suit for infringement of patent. On motion to dismiss.

Joseph L. Levy, for complainant.

Livingston Gifford, for defendant.

LACOMBE, Circuit Judge. The practice of moving to dismiss before putting in defendant's proofs with the expectation that, if the application be denied, the defense will be put in, and the questions argued over again on the whole case, is not one to be encouraged. Where, however, a question of jurisdiction is sharply presented, such course may be followed, as tending sometimes to save unnecessary expense. The question whether a particular article is or is not an infringement may best be considered when the whole case is in, but, assuming that it is an infringement, the question whether it was sold in this district can be settled as well now as at a later stage of the case. In order to give the circuit court in this Southern district of New York jurisdiction of this suit against a Massachusetts corporation, two things must appear, viz.: First, that defendant has a regular and established place of business in the district; and, second, that it has committed acts of infringement within said district. The pleadings dispose of the first of these propositions. It stands admitted that defendant "has a regular and established place of business in the city of New York, within the Southern district of New York, with an agent engaged in conducting said business within said district"; also that "it has a regular and established place of business, with William Morse & Co., at 72 Reade St., in the city and Southern district of New York, as its agent or agents engaged in conducting such business." These admissions of the answer deal with conditions existing when the suit was brought,—May, 1899. The complaint charges infringement "since the 31st day of March, 1882, * * * within the Southern district of New York." The answer denies that "subsequent to March 31, 1882, and prior to March 31, 1899 (when the letters patent expired by effluxion of time), it ever made, sold, or used, or caused to be made, sold, or used, or threatened to make, sell, or use, within the Southern district of New York or elsewhere," any infringing articles. Under these pleadings the burden rested upon the plaintiff to show an act of infringement in this district. The only act

relied on is the sale of a coat in the fall of 1896 to one Whitford by a clerk or salesman of Morse & Co. The evidence does not dispute the sale, and shows that prior to March, 1894, Morse was the regular agent doing business for defendant here. It is further shown, however, by the same witness, that in March or April, 1894, Morse moved to a new store, where he went into business for himself, buying goods from defendant, and selling them on his own account as an ordinary jobber; the rent and all other expenses of the business being paid by himself. He bought and sold also the goods of other manufacturers. The testimony seems to fall short of establishing an act of infringement here, and the bill should be dismissed with costs, for lack of jurisdiction.