CANADIAN PAC. RY. CO. v. WENHAM.

(Circuit Court, S. D. New York. February 21, 1906.)

COURTS—JURISDICTION OF FEDERAL COURT—MOTION TO QUASH SERVICE.

A motion to set aside the service in a federal court, on the ground that defendant is not an inhabitant of the district where the question of intention appears to be involved, will not be determined alone on the ex parte affidavit of defendant, nor will it be passed for determination of the question on plea or answer where defendant is under arrest; but the issue will be referred to a master, to take such testimony thereon as may be offered by either party, subject to the right of cross-examination.

On Motion to Set Aside Service of Summons.
See 146 Fed. 207.

John J. Lordan, for the motion.
Chas. A. Hess, opposed.

LACOMBE, Circuit Judge. The memoranda of authorities filed by both sides are not particularly helpful. The word used in the clause of the statute is not "domiciled," nor "citizen," nor "resident," but "inhabitant." It would seem that the act of 1887 has been in force so long that there must be some decisions construing that word when applied to an individual not a corporation. If it be the equivalent of "domiciled," the intent of the party is a highly important element. But it would be unfair to the complainant to accept as conclusive the sworn ex parte statement of defendant as to his intent, untested by the cross-examination to which he would be subjected if the question were being determined under a plea to the jurisdiction. This court has frequently, where proved facts seemed inconsistent with such a statement, declined

to determine the question on ex parte affidavits, leaving it to be decided under plea, or upon issue raised by the answer. Such a course in this case would be grossly unfair to defendant, who is held upon order of arrest under bail so high that it may be difficult for him to procure it. It is therefore referred to John A. Shields, one of the masters of this court, who is selected because his office is in the same building as that of the marshal, to take testimony and report the same to the court. The marshal may produce the defendant, if he desire to be examined on this question, and he may in that event, after making such statement as he may be advised, be cross-examined thereon. Of course the cross-examination must be directed solely to the facts bearing upon his alleged "inhabitancy" of this district. Either side may produce such other witnesses as counsel may choose, who will be examined and cross-examined. Either side may also file any additional affidavits, in case it may be found inconvenient to produce the witness, but in weighing such ex parte statements the court will give proper consideration to the circumstances that the affiants have not been tested by cross-examination. The taking of testimony must be expeditious, and when complete the court will then be sufficiently advised to make a decision, as it would were the questions presented on a plea. By that time counsel will no doubt be able to submit the cases bearing on the particular clause of the statute.