CONSOLIDATED RUBBER TIRE CO. et al. v. REPUBLIC RUBBER CO.

(District Court, N. D. Illinois, E. D. April 11, 1912.)

No. 29,177.

COURTS (§ 268*)—DISTRICT—SUITS FOR INFRINGEMENT—JURISDICTION.

To sustain the jurisdiction of the court of a suit for infringement of a patent in a district wherein neither party resides or is a citizen under Act March 3, 1897, c. 395, 29 Stat. 695 (U. S. Comp. St. 1901, p. 589), there must have been a completed act of infringement by defendant in such district, and, where a contributory act is relied on as in the making and selling of an element in a patented combination, it must be shown to have resulted in a completed infringement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. § 268.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Consolidated Rubber Tire Company and the Rubber Tire Wheel Company against the Republic Rubber Company. On final hearing. Decree for defendant.

Charles W. Stapleton, Staley & Bowman, John G. Campbell, Frederick P. Fish, Border Bowman, and Lawrence Maxwell, for complainants.

Dyrenforth, Lee, Chritton & Wiles (Philip C. Dyrenforth and Russell Wiles, of counsel), for defendant.

KOHLSAAT, Circuit Judge. The bill herein was filed to enjoin infringement of patent No. 554,675, granted to A. W. Grant on February 18, 1896, for an improvement in rubber tired wheels. The two claims thereof read as follows, viz.:

"1. A vehicle-wheel having a metallic rim with angularly-projecting flanges to form a channel or groove with tapered or inclined sides, a rubber tire, the inner portion of which is adapted to fit in said groove or channel and the outer portion having sides at an angle to the inner portion, the angle or corner between the outer and inner portions being located within the outer periphery of the flanges, and independent retaining-wires passing entirely through the inner portions of said tire and also within the outer peripheries of the flanges, substantially as described.

"2. A vehicle-wheel having a metallic rim with outwardly-projecting flanges at an angle to the plane of said wheel so as to form a channel or groove having tapered or inclined sides, a rubber tire, the inner portion of which is adapted to fit in said tapered groove or channel, and the outer or exposed portions formed at an angle thereto, the angle or corner between the said portions being placed within the outer periphery of said flanges, openings extending entirely through the unexposed portion of said tire, and independent retaining-wires in said openings, and a reinforcing-strip of fibrous material placed at the bottom of said tire and wholly within said flanges, substantially as specified."

The cause is before the court on final hearing.

The bill sets out the assignment of the application before grant of patent to complainant the Rubber Tire Wheel Company, with the request to the commissioner to issue the patent to the assignee, the failure to bring the assignment to the notice of the commissioner, whereby the patent was issued to the inventor, the resultant title in the Rubber Tire Wheel Company, the granting of an oral license to the other complainant, the Consolidated Rubber Tire Company, in June or July, 1899, the loss of the assignment, the execution of a new assignment by Grant to the Rubber Tire Wheel Company, the record of the original assignment in the Patent Office, the sustaining of the title in other jurisdictions, and the facts pertaining to possession, and the acts evidencing such right of possession, substantially as set out in Consolidated Rubber Tire Co. v. B. F. Goodrich Co. (cause No. 29,176) 195 Fed. 764, heard at the same time and decided herewith. In that cause the court held secondary evidence of execution and delivery of the assignment to be admissible; but found that the description of the matter assigned was not satisfactorily identified with the patent in suit, either upon the face of the assignment or by the evidence, and that title was not clearly shown. The grant and validity of the patent were, and now are, deemed established. In the present case the evidence of infringement rests upon the testimony

of certain employés of the defendant, from which it appears that defendant never sold any of complainants' wheels; but did sell at Chicago rubber tires of the kind shown as "Complainants' Exhibit, sections of defendant's infringing tire," prior to the commencement of this suit, and did sell a small amount of channels and wire, such as are used in constructing the tire of the patent. The defendant never assembled said tire, nor had it any implements necessary for that purpose. The tires sold were intended to be, and were, applied to wheels by the St. Louis branch. All of the parties hereto are nonresidents of this district; so that the only ground of jurisdiction consists in the alleged fact that the infringement was committed here.

The evidence fails to show that defendant manufactured or sold the vehicle wheel of the patent; but that it did make and sell rubber tires like those of the patent. It never sold an assembled tire. Infringement, if any, must be predicated upon the fact, if it be a fact, that defendant made and sold, or made or sold in this district, rubber tires of the kind made an element of the patent in suit, and sold channels and wire, all or any of which were so sold to be used at St. Louis, Mo., in the construction of a wheel in imitation of complainants' rubber wheel.

This, so defendant contends, does not constitute the character of infringement contemplated by the statute giving jurisdiction to the court of the district in which an infringement takes place. It insists that there must exist a completed act of infringement in order to establish jurisdiction in a district in which none of the parties are citizens or residents, and that contributory infringement is not such an act.

The burden of proof in establishing infringement is upon the complainants, and, unless that burden is sustained, they are not entitled to the relief sought. Nor does the presumption of validity arising from the grant of a patent shift the burden. It seems clear that, in order to constitute such an infringement as will sustain the jurisdiction of the court of the district wherein neither party resides or is a citizen, the act must be a completed act of infringement. In Westinghouse Electric & Mfg. Company v. Stanley Electric Mfg. Company et al. (C. C.) 116 Fed. 641, the court draws the line between proceedings in the defendant's district and those where the jurisdiction depends upon the locus of infringement, and holds that threats to infringe, or a state of facts from which it is to be clearly inferred, are not sufficient to confer jurisdiction upon the court in such a district. "There must be proof, either of a manufacture, a use, or a sale within the district. Contracts to manufacture, threats to use, negotiations for a sale, will not be sufficient, for the reason that the statute requires proof of the completed act." This case was followed in Chadeloid Chemical Company v. Chicago Wood Finishing Company et al. (C. C.) 180 Fed. 770. On the other hand, in Westinghouse Electric & M. Co. v. Stanley Electric M. Co. (C. C.) 121 Fed. 101, the contrary was held by another judge. No reason is perceived, however, why a clear act of completed contributory infringement would be less an infringement for purposes of jurisdiction or otherwise than any other act of infringement, but such contributory act must have resulted in a completed infringement.

CONSOLIDATED RUBBER TIRE CO. V. REPUBLIC RUBBER CO.    771

The reasoning from a state of facts which might be relied upon to give jurisdiction for the purposes of a preliminary injunction may not logically be made to apply to such a proceeding as that now before this court on final hearing. It is further contended that no infringement is in fact shown. From the pleadings and proofs it appears that complainants have full control of the market for their wheel except for defendant's alleged interference, and that there are many of their wheels in use upon vehicles in the possession of persons who have purchased the same from the complainants, their agents, or assigns.

In view of the comparatively ephemeral life of rubber, it is a matter of common knowledge that tires must be frequently replaced. In Wilson v. Simpson, 9 How. 109, 13 L. Ed. 66, it was held that the right to replace unpatented elements in the device of a combination patent was a part of the invention transferred to the assignee, that such replacing is not a reconstruction of the patented invention, but the use only of so much of it as is absolutely necessary to identify the machine with what it was in the beginning of its use, or before that part of it had been worn out. In Morgan Envelope Co. v. Albany Perforated Paper Wrapping Company, 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500, the case was distinguished from Wilson v. Simpson, supra, in the fact that the replaced element was not itself in that case patented, whereas that element was protected by a patent in the latter case. In Henry et al. v. A. B. Dick Company, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. ——, decided by the Supreme Court on March 11, 1912, it is held that, so long as the identity of the article is preserved, it may be repaired without committing infringement. Here, there is found no evidence to sustain a finding that the alleged infringing tires were intended to be, or were, used in constructing a rubber tired wheel. For all that appears, they were intended to be and were used in supplying some element of the wheel of the patent to persons who were licensed to use the same—those who had been licensed to use the wheel. Even though the tires had been sold for the purpose of constructing an infringing wheel, there is no evidence that such wheel was ever in fact built. There can be no contributory infringement where there is no completed act of infringement. In Henry et al. v. A. B. Dick Company, supra, the Supreme Court says:

"'Contributory infringement,' says Judge Townsend in Thomson-Houston Co. v. Kelsey Co. [C. C.] 72 Fed. 1016, 'has been well defined as the intentional aiding of one person by another in the unlawful making or selling or using of the patented invention.' To the same effect are Wallace v. Holmes, 29 Fed. Cas. 79; Risdon v. Trent [C. C.] 92 Fed. 375; Thomson-Houston Co. v. Ohio Brass Works, 80 Fed. 712 [26 C. C. A. 107]; American Graphophone Co. v. Hawthorne [C. C.] 92 Fed. 516."

Moreover, there is here no evidence that the elements of the wheel sold by defendant were not capable, and even desirable, of use in other devices. From all that appears the tires were usable in other wheels. At the time they were sold they were in straight lengths—not made up in any way. If, as a matter of fact, complainants' wheel was never infringed, then, at best, the sale for infringing purposes, if any was so made, can amount to nothing more than a threat or at-

tempt to infringe. In any case, the facts relied on, including those relating to title set out in case No. 29,176 against the Goodrich Company, decided herewith, are not sufficient to support complainants' title for the purposes of this suit to give jurisdiction to the court of a district of which none of the parties are citizens or residents.

The bill is therefore dismissed for want of equity.