## LEVINSON v. UNITED STATES ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

· No. 145.   Argued March 3, 1922.—Decided March 13, 1922.

1. A suit in the nature of interpleader by the United States against one to whom it had given a bill of sale of a vessel and another whose bid had been overlooked, to determine their rights, *held* cognizable in equity (all parties consenting) although the plaintiff did not stand indifferent but sought to maintain the higher bidder's claim and thus get the higher price.   P. 200.

2. Under the Act of March 3, 1883, c. 141, § 5, 22 Stat. 599, governing sales of vessels not needed for the Navy, the President is empowered to direct a departure from the prescribed manner of sale, and his direction to the Secretary of the Navy to sell "for such price as he shall approve," empowered the latter to sell to the lower of two bidders, notwithstanding the advertisement was that the sale would be to the highest bidder.   P. 201.

3. The Secretary, overlooking a higher bid by mistake, approved a lower one as the highest and issued a bill of sale of the vessel accordingly.  *Held,* that his action was conclusive in favor of the lower bidder and that the mistake, not attributable to the latter; gave the competitor no equitable claim to the title.   P. 201.

4. An appeal here from a decision of the Circuit Court of Appeals adjudging property to one of two interpleaded defendants, *held* not affected by entry of decree, under that court's mandate, in the District Court, and the act of the plaintiff in delivering the property under it.   P. 202.

267 Fed. 692, reversed.

APPEAL from a decree of the Circuit Court of Appeals which reversed a decree of the District Court in favor of Levinson and adverse to Johnson in a suit in the nature of an interpleader brought against them by the United States to determine their respective rights in a vessel.

*Mr. John A. McManus* for appellant.

*Mr. Henry Amerman* for Johnson, appellee.

The Secretary of the Navy, acting under due authority, advertised and offered to sell on July 11, 1919, the steam

yacht "Wadena", for cash to the highest bidder, and he was bound by his written offer of sale.

The words "for such price as he shall approve," appearing in the executive order, did not give to the Secretary an unlimited discretion to dispose of government property on his mere approbation or sanction, unless he expressly so announced in his offer of sale.

Under the facts appearing in the record, the Secretary was obliged to sell the "Wadena" to Johnson.

A mistake was made, and whether it was mutual or otherwise, equity will relieve. The acceptance of Levinson's bid was based on the belief that it was the highest. The action of the Secretary was taken under a complete misapprehension of fact on his part, and on the part of Levinson, that there was no higher bid. Both parties were unaware of Johnson's bid. *United States* v. *Walsh,* 115 Fed. 697, 702; *Williams* v. *United States,* 138 U. S. 514, 517; *Moffett, Hodgkins & Clarke Co.* v. *Rochester,* 178 U. S. 373.

The Secretary's refusal to deliver the "Wadena" to Levinson was necessary in the interest of public policy. *McKnight* v. *United States,* 98 U. S. 179, 186.

Mr. *Solicitor General Beck* and Mr. *Blackburn Esterline,* Special Assistant to the Attorney General, by leave of court, filed a brief on behalf of the United States, as *amici curiae.*

Mr. Justice Holmes delivered the opinion of the court.

This is a controversy between the appellant, Levinson, and Johnson, one of the appellees, as to which of the two is entitled to the steam yacht Wadena. The yacht had been taken for the purposes of the late war and subsequently was offered for public sale by the Secretary of the Navy in pursuance of an Executive Order of January 7,

1919, authorized by the Act of March 3, 1883, c. 141, § 5, 22 Stat. 599. Levinson sent in a bid complying with the terms of the offer, was declared the highest bidder and sent his check for the residue above the required deposit. Thereupon he received a bill of sale under the seal of the Department dated September 3, 1919, acknowledging that he had become the legal purchaser and had paid the price, and stating that the vessel " is hereby delivered to and declared to be the property of said Morris Levinson." On September 8 it was discovered that Johnson had sent in a higher bid which had been misplaced and overlooked. After making the discovery the Navy Department refused to give up the Wadena to Levinson and attempted to rescind the transaction with him. He insisted on his rights and Johnson on his side offered to pay the amount of his bid and also demanded delivery of the yacht. The United States thereupon brought the present bill to determine the rights of the parties, and although it did not stand indifferent and has endeavored to maintain Johnson's right and so to get the higher price, not to speak of Levinson's claim in contract, still as all parties consented to the jurisdiction we do not feel called upon to raise a question upon that score. See *McGowan* v. *Parish*, 237 U. S. 285, 295, *et seq.*

The District Court decided in favor of Levinson. Both Johnson and the United States appealed. The Circuit Court of Appeals dismissed the appeal of the United States on the ground that it was a mere stakeholder, but, one Judge dissenting, reversed the decree of the District Court and decided in favor of Johnson, on the ground that the Secretary of the Navy had no authority to accept any other than what was the highest bid in fact. 267 Fed. 692.

We are of opinion that the Circuit Court of Appeals construed the authority of the Secretary of the Navy too narrowly and that the decision of the District Court was right. The Act of 1883, § 5, provides for an appraisal

and an advertisement for three months setting forth the appraised value and that the vessel will be sold to the offerer of the highest price above the appraised value, &c. The section concludes " But no vessel of the Navy shall hereafter be sold in any other manner than herein provided, or for less than such appraised value, unless the President of the United States shall otherwise direct in writing." The power of the President to direct a departure from the statute is not confined to a sale for less than the appraised value but extends to the manner of the sale. The word " unless " qualifies both the requirements of the concluding clause. The executive order seemingly so construes the statute, for it merely provides that if the former owner of the vessel will not purchase at the appraised value the Secretary of the Navy shall sell at public sale " for such price as he shall approve." The Secretary construed the order to like effect. He did not advertise for three months and he allowed a variation from the statute in the form of deposit required.

It seems to us that the practices of ordinary business dealing ought so far to bind the United States that the ostensible authority given by the executive order, the Secretary's declaration that Levinson's bid was the highest, his approval of the price, and his execution of a bill of sale, should be held conclusive in favor of Levinson. The fact that the Secretary advertised that he would sell to the highest bidder could not limit his authority or diminish the effect of his acts. Even if Johnson's bid had made a contract automatically by being the highest, it would not follow that Levinson's title was bad. But a bid had no such effect, as the right to reject it was reserved. We can see no justification beyond the wish to secure a higher price, for the refusal to allow the appellant to remove his yacht. The title passed to him upon the execution of the bill of sale. *Hatch* v. *Oil Co.,* 100 U. S. 124, 128.

It is suggested that there is no longer a question before the Court because it is said that the District Court entered a decree in pursuance of the decision of the Circuit Court of Appeals and that the Navy Department thereupon delivered the yacht to Johnson. This was a further departure from the position of stakeholder assumed by the United States but cannot affect the decree to be entered upon its bill. It is urged for Johnson that there was a mistake that relieved the Government. There was no mistake that Levinson had anything to do with or that would warrant a court of equity in requiring him to give up the title that he acquired.

*Decree of Circuit Court of Appeals reversed.*

MR. JUSTICE CLARKE was absent and took no part in the decision.

MR. JUSTICE McKENNA, dissenting.

The opinion, in my view, gives too much prominence to the action of the Navy Department and, in effect, determines the case by it as if the controversy were between the Department and Levinson, and not between him and Johnson. It caused the controversy, indeed, and by its mistake gave a right to Levinson to which Johnson was entitled. Has the law no redress for the injury thus inflicted? It would be a reproach to it if it have not.

Let me repeat the facts. In pursuance of a statute, and in the manner directed by it, the Navy Department offered the yacht Wadena for sale. It was the duty of the Department to the Government of which it was an instrument to accept the highest bid, and it owed a duty as well to him who should be the highest bidder. Johnson responded to the offer of sale and his bid was the highest. By mistake, however, the bid was assigned to a boat of similar name. In consequence of the mistake Levinson was considered the highest bidder and a bill of sale was issued to him. Before the delivery of the yacht, however,

the mistake was discovered and the yacht was retained by the Department. This being the situation, the Department, not in its own interest, not in partiality to either claimant, caused this suit to be brought that the rights of the claimants could be adjudicated. The suit is a disclaimer of interest or favor; it is in the nature of a bill of interpleader and the contest is remitted to the interpleaded, Levinson and Johnson, and the law of their rights. And that law is dependent upon what they did, not upon what the Navy Department did,—upon the priorities between them, not upon a chance advantage. These are the elements that should determine judgment, whether we assign to accident or mistake the action of the Department in declaring Levinson to be the purchaser of the yacht. I need not dwell upon the sufficiency of either as a ground of relief.

Accident is said to be one of the oldest heads of equity jurisdiction, and a learned authority says its first and principal requisite is, that, by an event not expected nor foreseen, one party has without fault and undesignedly undergone some legal loss while another party has acquired a legal right which it is contrary to good conscience for him to retain and enforce. 2 Pomeroy, § 824.

The requisites and consequences are in this case, and exhibit the relative situations and rights of Levinson and Johnson. Levinson has acquired a right to which Johnson was entitled and which Johnson lost by an accident to which he was not a contributor. The law in its sufficiency and prudence meets such contingent happening and gives a remedy to prevent or redress its injury. That Levinson was given a bill of sale is not a serious deterrent. As the bill of sale could have been refused it can be disregarded as an element of decision.

Mistake as well as accident (mistake may be considered a corollary of accident) is a ground of relief which the law's remedial consideration furnishes for the redress of

injustice. And that a mistake was made cannot be denied, and to which no act or negligence of Johnson was accessory. He responded to the solicitation of the Navy Department executing the law, and he was entitled to the preference that the law commanded. It was given to another by mistake. The law will not permit him to retain it, and this is a necessary deduction, I confidently believe and, therefore, confidently express, though it is opposed by the judgment of my brethren. I repeat, that there was a mistake cannot be disputed, and I cannot think that its consummation protects it from correction and that a remedy should be denied because it is needed, all of its conditions existing.

It was the view of the Circuit Court of Appeals in a well reasoned opinion that the Secretary of the Navy had "no authority to deliver the bill of sale to Levinson" but was "bound to deliver it to Johnson." There is much to sustain the decision; I, however, base my dissent upon the views that I have expressed, and think that the judgment of the Circuit Court of Appeals should be affirmed.