## COLGATE & CO. et al. v. PROCTER & GAMBLE MFG. CO.

District Court, E. D. New York. March 15, 1928.

No. 3372.

**1. Patents ⊜312(1)—In patent infringement suit, plaintiff has burden of showing infringement of essential step in process.**

In suit for infringement of patent, burden is on plaintiff to show that any essential step in a process has been infringed.

**2. Patents ⊜288(7)—Jurisdiction of court in which patent infringement suit is brought must be shown by plaintiff to exist.**

In suit for infringement of patent, jurisdiction of court in which suit is brought must be shown by plaintiff to exist, since it cannot be presumed or even inferred.

**3. Courts ⊜24—Jurisdiction cannot be conferred on court by consent in patent infringement suit.**

In patent infringement suit, jurisdiction of court in which suit is brought cannot be conferred by consent.

**4. Patents ⬄288(7)—Merits of patent infringement suit cannot be considered in determining jurisdiction of court.**

In suit for infringement of patents, merits of action cannot be considered in determining jurisdiction of court.

**5. Patents ⬄288(7)—Federal District Court must inquire into question of its jurisdiction at outset of litigation.**

It is duty of District Court to inquire into question of its jurisdiction, even on its own initiative, and at outset of litigation, in patent infringement suit.

**6. Patents ⬄288(7)—In patent infringement suit, defendant must bring bring question of jurisdiction to court's attention.**

In suit for infringement of patents, it is duty of defendant to bring question of court's jurisdiction to attention of court.

**7. Courts ⬄255—Jurisdiction of federal District Court is statutory.**

Jurisdiction of federal District Court is not inherent, but is result of statute.

**8. Patents ⬄288(1)—Patent infringement suit is "civil suit," within statute relating to District Court's jurisdiction (Jud. Code, § 51 [28 USCA § 112]).**

Suit for infringement of patent is civil suit, within Judicial Code, § 51 (28 USCA § 112), relating to District Court's jurisdiction of civil suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit—etc.]

**9. Patents ⬄288(4)—"Threat" of infringement will not authorize bringing of infringement suit, in district of which defendant is not inhabitant, but in which it has established place of business; "Act" (Jud. Code, §§ 48, 51 [28 USCA §§ 109, 112]).**

Suit for infringement of patent cannot be brought in district other than that of which defendant is inhabitant, where there has been no more than threat of infringement, notwithstanding that defendant has place of business in such district, since Judicial Code, § 48 (28 USCA § 109), widening jurisdiction prescribed by section 51 (28 USCA § 112) requires that "act" of infringement be committed, and "threat" is but expressed intention to work injury, whereas "act" is fact prima facie proof of which can be easily proved or disproved (citing Words and Phrases, "Threat").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act.]

**10. Patents ⬄288(3)—Under statute authorizing infringement suit in district where defendant commits acts of infringement and has established place of business, infringement and existence of place of business must concur to give jurisdiction (Jud. Code, § 48 [28 USCA § 109]).**

Under Judicial Code, § 48 (28 USCA § 109), permitting patent infringement suits to be brought in any district in which defendant shall have committed acts of infringement and have regular and established place of business, infringement alone will not give jurisdiction, nor

25 F.(2d)—11.

will existence of regular and established place of business, but both must concur.

In Equity. Patent infringement suit by Colgate & Co. and others against the Procter & Gamble Manufacturing Company. On defendant's motion to dismiss. Complaint dismissed for lack of jurisdiction.

Charles Neave, Mason Trowbridge, Willis H. Taylor, Jr., and Alexander C. Neave, all of New York City, for plaintiffs.

Wallace R. Lane, of Chicago, Ill., John C. Kerr, of New York City, and Frank F. Dinsmore and Marston Allen, both of Cincinnati, Ohio, for defendant.

INCH, District Judge. Motion by defendant to dismiss the complaint for lack of jurisdiction in a suit for alleged infringement of certain patents.

The plaintiffs are, respectively, a corporation inhabitant of the state of New Jersey and a corporation inhabitant of the state of Delaware. These plaintiffs have commenced a suit in this court (Eastern district of New York) against the defendant, a corporation inhabitant of the state of Ohio. This defendant has a regular and established place of business at Staten Island, state of New York, Eastern district of New York. By the complaint plaintiff charges "that the defendant threatens to commit and/or has committed" certain acts of infringement within the Eastern district of New York and elsewhere (paragraph 3 of the complaint).

[1] The patents have not been discussed before me, and my information is only such as may be gained from the complaint and motion papers, which indicate that these patents cover a certain soap product and a process by which it is made. I am unable to determine whether this process requires any particular construction of buildings, and infer that it does not, in view of plaintiff's contention on this argument, unless, possibly, a structure entirely completed and usable. The proof shows that any buildings, in question here, of defendant, have not been completed or used. The burden is upon plaintiff to show that any essential step in a process has been infringed. No such proof has been offered.

It is unnecessary to state the relationship between the plaintiffs, or between the main office of defendant in Ohio and its plant in this Eastern district of New York; suffice it to say that the bill of complaint asks for the usual accounting and injunction. The suit, as above indicated, has not been brought against the defendant in the state of Ohio, the state of Delaware, or the state of New Jersey,

but in the state of New York, this Eastern district.

The defendant has duly appeared specially, and, by this motion to dismiss the complaint, has raised, at the threshold of the litigation, the important question of this court's jurisdiction. On the return day of this motion, a question of fact being involved, this court duly took testimony and reserved decision. Canadian R. Co. v. Wenham (C. C.) 146 F. 206. Excellent and careful briefs have been submitted by both sides.

It is conceded that defendant (Ohio inhabitant) has a regular and established place of business in this district (at Staten Island). It further appears, and I so find, that shortly prior to the commencement of the suit the defendant plainly intended to operate a plant at Staten Island, as a part of its regular and established place of business there, at which plant, when built and finished, was to be manufactured and sent out for sale a large amount of the soap product "Selox," a product and by a process which plaintiff claims will and does infringe plaintiff's valid patents. This extra plant, according to the best estimate of Mr. Brown, defendant's superintendent of its entire plant at Staten Island, can yet be completed entirely and be ready to "go ahead and make Selox" in three or four weeks.

There are also now on hand approximately 30,000 cartons and wrappers to be used. These have been on hand since the early part of November. The complaint was filed in the clerk's office in this court December 14, 1927. The subpoena was served upon an assistant superintendent of the Staten Island plant.

Defendant objects to the jurisdiction of this court on the ground that, for various reasons, this process was not duly served, and also on the ground that, on the state of facts shown to exist, this suit could not be commenced in this district. We need only consider the last-mentioned objection.

[2] At the outset the jurisdiction of this court must be shown by plaintiff to exist. It cannot be presumed, nor even inferred. Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 S. Ct. 193, 30 L. Ed. 380; Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165; Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; U. S. v. Southern Pacific (C. C.) 49 F. 297; Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885.

[3] It cannot be conferred by consent. Chicago R. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521.

[4] The merits of an action cannot be considered in determining the jurisdiction. Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948.

[5] It is the duty of the District Court to inquire into the question of its jurisdiction, even on its own initiative and at the outset of the litigation. Cunard Co. v. Smith (C. C. A.) 255 F. 846.

[6] It is likewise the duty of the defendant to bring the matter to the attention of the court. Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360. The jurisdiction question is fundamental. It does not relate to that right or power of a court, after trying the cause, to decide whether a violation, or a threatened violation, of a right shall be prevented, or whether injunctive relief for this or for some other cause shall be granted, but relates to whether or not the court has jurisdiction to exercise any judicial power whatever in the suit, other than to pass on this question of whether it has such jurisdiction. Nashville R. R. Co. v. Taylor (C. C.) 86 F. 168; Levinson v. United States, 258 U. S. 198, 42 S. Ct. 275, 66 L. Ed. 563.

[7] The jurisdiction of this court is not inherent, but is the result of statute.

[8] This is a civil suit. It is instituted to compel payment or the doing of some other thing which is purely civil. Bouv. Law Dict. (Rawle's 3d Rev.) p. 496.

[9] Judicial Code, § 51 (28 USCA § 112), provides that no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant. The defendant is conceded to be an inhabitant of the state of Ohio. The same section provides: "But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The suit has not been brought in either the state of New Jersey, or the state of Delaware, where plaintiffs reside, or in the state of Ohio, where the defendant resides.

If this was an ordinary civil suit, no matter how important the result might be to the parties, there would be no question in what jurisdiction the suit must be commenced. The suit, however, is a patent suit, and Congress has withdrawn, in such suits, this protection, if it may be so called, given a defendant in the usual civil suit, by section 51, and has widened the jurisdiction available to a plaintiff, where a defendant has actually infringed a patent in any district where such defendant has a regular and established place

of business. This statute is section 48 of the Judicial Code (28 USCA § 109). It permits such suits to be brought "in the district of which the defendant is an inhabitant *or in any district* in which the defendant shall have *committed acts of infringement* and have a regular and established place of business." (Italics mine.)

[10] "Infringement alone will not give jurisdiction, a regular place of business alone will not give jurisdiction, both must concur." Bowers v. Atlantic Co. (C. C.) 104 F. 887; Streat v. American Rubber (C. C.) 115 F. 634; Cheatham Co. v. Transit Co. (C. C.) 191 F. 727; Edison v. Allis Co. (C. C.) 191 F. 837. The fact that defendant has a regular and established place of business in the Eastern district of New York is not disputed by defendant. The defendant does dispute that it has committed any act of infringement in the Eastern district of New York, or that it threatens so to do.

The sole question remaining, therefore, is confined to this question of infringement. Plaintiff's able argument is in substance as follows:

"No violence is done to the language of section 48, if the words 'acts of infringement' be construed to include threatened acts of infringement consisting of actual preparations therefor. This strains the phraseology no more than does the liberal interpretation of the words 'suits * * * for infringement' to include suits for threatened infringement. It is submitted that it was the intent of Congress, first, to provide a rule for all patent infringement suits; and, second, to permit any such suit to be brought in any district where the acts were done which gave rise to the cause of action and where defendant had a regular place of business. 'Suits * * * for the infringement of letters patent' may be brought wherever the defendant 'shall have committed acts' which are the basis for the suit—acts upon which the charge is based, namely, any acts which furnish grounds for the maintenance of a suit according to the established principles of equity. That, we submit, is the meaning of the statute. It was not intended in any way to impose any limitations upon, or make any change in, the powers of a court of equity to prevent the threatened commission of a tort, but merely to define the place in which any such suit may be brought—to limit the place to the district in which the acts which constitute the threat, and furnish the basis of the suit, are being committed." Pages 8 and 9 of the plaintiff's brief.

"All of this—the plant expenditure of $150,000—proves an intent, a threat, to infringe in this district on a large scale. The tort is threatened here. Is this court powerless to prevent the commission of this tort at its very doors? We believe not." Page 28 of plaintiff's brief.

Plaintiff's contention, therefore, would seem to be that, while there would be no act of infringement by defendant, there has been and is a threat to infringe, and that, such "threat" being proved, the conditions of section 48 have been fully met. This, however, seems to me, although skillfully and earnestly urged, to be directly contrary to the expressed wording of the statute in question. Congress could readily have stated that a "threat" or "act" of infringement would be sufficient. There is a difference between the two. A "threat" is but "an expressed intention to work an inquiry." Bouv. Law Dictionary (Rawle's 3d Rev.); 8 Words and Phrases, 6964.

Assuming that, in this case, the defendant, at one time, had declared its intention to at some time in the future infringe, but now declares, with equal force, that it does not intend to infringe, does a "threat" still exist? Again, it is quite conceivable that the size or quality of an "expressed intention," together with many other circumstances, would be urged on a judge, to find for or against an "intention to infringe," as is often done on a trial. If the contention of plaintiff is correct, then jurisdiction would be made to depend on the opinion of various judges, varying according to the circumstances and merits of a cause, a most uncertain basis, and as to which no attorney could safely advise a client.

All this uncertainty is avoided by taking the language of section 48 in its ordinary meaning. An *act* of infringement is a fact, prima facie proof of which can be easily proved or disproved, such as the making of an article, or its sale, or the use of an entire process or any of the various important steps thereof. This is something definite. It is not open to the criticism which always surrounds the proof of an "intention."

It also should not be overlooked that, in holding a "declaration of intention" or "threat" to be sufficient, such construction can be availed of by any plaintiff in any case, and cannot be limited to any particular case, such as is here presented, showing a substantial preparation and an admitted intention. It would apply wherever a court might construe something to be a "threat" or a "declaration of intention." Again, even should it be assumed that a threat had been

made and was sufficient, where the facts are such as exist in this case, yet we have the burden of proof on plaintiff, and all the testimony here is to the effect that, in good faith, such work from which the said inference can be drawn has been completely and intentionally stopped, and the defendant has shown its intention not to infringe. On such a record, can a "threat" still be found?

The above shows the difficulty, it seems to me, in placing jurisdiction on the basis here sought by plaintiff, or on what is claimed to be the broad theory of equity, in the face of the expressed statute. No case has been cited by plaintiff holding that a "threat" or "intention to infringe" is sufficient to give jurisdiction. No claim is made by plaintiff that any actual infringement, direct or contributory, has actually taken place in this district.

Nor is plaintiff without a remedy, for it can easily commence its suit in a proper district and can then, upon proper proof, fully protect itself against any such alleged imminent infringement in another district now complained of. It seems to me that plaintiff prefers to select its own district, on grounds not given by the statute, and on the theory that the court has the broad power to hear the parties, regardless of the statute. The difficulty is that the jurisdiction is statutory. The court cannot go into the merits until it has jurisdiction. The suit must be commenced by plaintiff in a proper district, regardless of convenience or its fear of imminent infringement.

Moreover the authorities in this circuit require the proof of a complete act of infringement. "When the commission of an act of infringement is essential to jurisdiction, *the completed act must be proved.* There must be proof either of a manufacture, use, or a sale within the district, contracts to manufacture, *threats to use,* negotiations for a sale, *will not be sufficient,* for the reason that the statute requires proof of the *completed act.*" Westinghouse Electric Co. v. Stanley Electric Co. (C. C.) 116 F. 641. (Italics mine.)

The proof shows to me clearly that defendant at one time fully intended to manufacture and sell in this district. It expended a considerable sum of money for that purpose. It built buildings, and was substantially on the road to completion of same, together with the assembling of the printing and making of wrappers and boxes. However, when suit was threatened by plaintiff, all this work stopped, and is still stopped. The result is that the defendant, not only has

not as yet committed an act of infringement in this district, but, on the contrary, has abandoned its intention, awaiting the time, according to its counsel, when it can be safely determined by them that it will not so infringe.

The case of Consolidated Rubber Tire Co. v. Republic Rubber Co. (D. C.) 195 F. 768, relied on, to some extent, by plaintiffs, seems to require proof of *complete* infringement, whether such infringement was direct or contributory. The law in this circuit certainly seems to be that stated by Judge Lacombe, in the case of Westinghouse Co. v. Stanley Co., supra. This decision has been repeatedly approved. W. S. Tyler Co. v. Ludlow Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; United Autographic Co. v. Egry Co. (D. C.) 219 F. 637; Chadeloid Co. v. Chicago Co. (C. C.) 180 F. 770; Cutler-Hammer Co. v. Curtis (C. C. A.) 296 F. 117; U. S. Envelope Co. v. Transo Co. (D. C.) 229 F. 576.

There has been no proof of any sale in this district, nor any use or manufacture in this district. There has been no proof of any infringement committed in this district, nor any act resulting, even indirectly, in an infringement in this district. The most that can be said is that the defendant plainly *intended* to manufacture, use and sell within this district, and has permanently or temporarily abandoned this intention prior to the commencement of the suit. The burden of proof is on plaintiff. In the absence of some proof indicating the presence of an actual infringement, required by the statute, this court has no jurisdiction, and the motion to dismiss the bill must be granted.

Complaint dismissed for lack of jurisdiction.