;MARTIN v. FAIRCHILD AVIATION COR-
PORATION et al.

No. 8510.

District Court, E. D. New York.
June 16, 1938.

824

David L. Podell and Hays, Podell & Shulman, all of New York City (Norman H. Samuelson and Victor Rabinowitz, both of New York City, of counsel), for plaintiff.

Cooper, Kerr & Dunham, of New York City (Thomas J. Byrne, of New York City, of counsel), for defendants.

BYERS, District Judge.

This motion presents objections to 83 interrogatories attached to a bill of discovery in aid of an action at law to recover treble damages for the alleged infringement of five patents having to do with airplane equipment. The answer in the main suit raises issues of validity and infringement.

The interrogatories have been classified in the defendants' brief in five groups, and that classification seems to be proper and convenient.

*Group I.* Numbers 1, 6, 9, 12, 15, 18, 22, 26, 31, and 34.

The first is typical and asks if the defendants or any of them, "their predecessor, subsidiary or constituent corporations" (including four named but which are not defendants) since August 14, 1930, manufactured, used or sold in the United States, etc., an airplane designated by name and number.

The objection is twofold: (a) That no inquiry can be legally made with respect to corporations not parties to the suit; (b) that inquiry is improper respecting activities of the defendants not within the jurisdiction of the court.

As to the first, the objection obviously is sound. No argument is made to the contrary for plaintiff, and the matter seems too plain to require discussion.

The second branch of the objection is not so easy of disposition. The defendants Fairchild Aviation Corporation and Fairchild Aircraft Corporation are, respectively, Delaware and Maryland corporations. As to them, jurisdiction (Title 28 U.S.C. § 109, 28 U.S.C.A. § 109) rests upon their having regular and established places of business within this district, and the commission by each of an act of infringement, also within this district. See Edison v. Allis-Chalmers Co., C.C., 191 F. 837; Bowers v. Atlantic, G. & P. Co., C.C., 104 F. 887; Colgate & Co. v. Procter & Gamble Mfg. Co., D.C., 25 F.2d 160.

It has been held by Judge Thomas sitting in the District of Connecticut (Thompson et al. v. Westinghouse Electric & Manufacturing Co. et al., Equity No. 2573)[1] that such an interrogatory, in a patent cause in equity, should be limited to infringement committed within the district.

The plaintiff seeks to avoid this ruling upon the theory that, since the main case is at law, he must prove his damages before the jury, and cannot do so unless afforded an opportunity to establish infringement wherever it may have occurred; that, if he were in equity, the proceedings before the master upon interlocutory decree would enable him to establish infringement exterior to this district, and by electing to proceed at law, he has not forfeited his right to the discovery necessary to enable him to establish a basis for computation of damages by a jury.

However plausible that argument may be, it is not deemed to be convincing. He must prevail as to validity or there will be

---

[1] No opinion for publication.

no question of infringement for the jury, and it is not perceived why the defendants should now be called upon to aid the plaintiff by producing evidence which goes only to the question of possible damages.

■ As to the non-resident defendant corporations over which jurisdiction will fail unless an infringing act be shown, these interrogatories will be restricted to whatever has been done within the scope of the inquiry, within this district.

As to Fairchild Aviation Incorporated, a New York corporation, answers' will be required from it without such restriction.

*Group II.* Numbers 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, and 73.

The first enumerated is typical: "Have the defendants or any of them, their predecessor, subsidiary or constituent corporations (naming others not parties to the suit) manufactured" etc., "any airplanes * * * provided with a retractable chassis or alighting device all or part of which is housed in wings, fuselage or nacelle when retracted?"

The same ruling will be made as to corporations not parties defendant, and as to the scope of the inquiry, as indicated with reference to Group I above.

For the defendants, objection is made that the details of construction call upon them to respond to matters of opinion as to whether a given form of construction is involved in a given query; and that construction of patent claims is involved, and that the plaintiff is conducting the customary fishing expedition.

Since the patent claims are not before the court on this motion, so much of the objection cannot be discussed. It may be observed, however, that the language in which the several interrogatories have been framed is very much more simple and direct than that of the usual claim in a patent.

■ It is difficult to conclude that these questions cannot be clearly answered as they seem to be reasonably free from argumentative obscurity, and if Pressed Steel Car Co. v. Union Pacific R. Co., D.C., 241 F. 964, is presently understood, the questions are proper and must be allowed, subject to the restriction above stated.

*Group III.* Numbers 2, 3, 4, 5, 7, 8, 10, 11, 13, 14, 16, 17, 19, 20, 21, 23, 24, 25, 27, 28, 29, 30, 32, 33, 35, 36, 37, and 38.

A typical interrogatory is No. 17: "If the answer to No. 15 is in the affirmative, furnish drawings, photographs, specifications, descriptions, etc., thereof, at least in sufficient detail to show the form, arrangement and construction of all parts thereof designed to receive landing stresses, showing in detail shock absorbing means therefor, and showing how said shock absorbing means is held in place, together with structural details of all connecting or adjacent airplane parts."

■ In the first place, the scope of each question is to be limited as heretofore indicated with respect to the non-resident corporate defendants, and answer will not be required as to corporations which are not parties. Secondly, the defendants will not be required to make photographs, drawings or specifications, or to compose descriptions not now in existence.

■ The expression "etc." is too indefinite to deserve attention by either the court or the defendants.

■■ Photographs and drawings of completed structures now in existence pertaining to specified models as to which there has been manufacture or sale (as above limited) must be furnished by the defendants. See Paraffine Cos. v. Wieland, D.C., 17 F.2d 992. Specifications and descriptions are excluded upon the theory that neither would tend to prove manufacture, for non constat they were ever embodied in a finished structure.

*Group IV.* Numbers 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 72, and 74.

This group of questions calls for the same data as in Group III, with reference to structures embraced within the scope of interrogatories of Group II.

As to these, the requirement of response will be the same as indicated in connection with Group III, the same limitations applying with reference to corporations not parties defendant, and to the non-resident corporate defendants.

It is recognized that these queries are not addressed to photographs and drawings of completed structures of specified models, but the features and details of embodiment are indicated with sufficient clarity to enable the defendants to know what the plaintiff intends to indicate in his questions.

It may well be that answers to other interrogatories will be responsive to some of these.

*Group V.* Numbers 76 to 83, inclusive.

These interrogatories are designed to elicit facts as to the intercorporate relationship of the parties defendant.

It is to be remembered that in the principal suit the answer admits that the first named defendant owned all or substantially all of the capital stock of the other defendants. Its legal responsibility, therefore, for acts of infringement, if any, on the part of either wholly owned co-defendant, would depend upon the proof to be adduced concerning the manner in which the business and affairs of each of the latter were in fact conducted. Cf. Lektophone Corporation v. Philadelphia Storage Battery Co., D.C., 8 F.Supp. 46.

Nos. 76, 77 and 78 are allowed as to the period between June 17, 1919, and the commencement of the main suit; No. 79 is allowed only as to assumption of liabilities within the same period as asked; No. 80 is too broad as drawn—if a restriction applying to the manufacture or sale or both of any airplane or part since June 17, 1919, is acceptable to plaintiff, the interrogatory as so limited may be propounded, otherwise it need not be answered.

Nos. 81, 82 and 83 are allowed, the earliest date being June 17, 1919.

Settle order.