AMERICAN GRAPHOPHONE CO. v. HAWTHORNE et al.

(Circuit Court, E. D. Pennsylvania. February 25, 1899.)

No. 42.

PATENTS—INFRINGEMENT—SALE OF MACHINE PRODUCING INFRINGING ARTICLE.
    A person who sells a machine which is useful only for making a patented article, or makes such sale with knowledge that the thing sold is to be used to produce an infringing article, is himself liable as an infringer.

This was a suit in equity by the American Graphophone Company against Ellsworth A. Hawthorne, Horace Sheble, and others, for alleged infringement of letters patent No. 341,214, issued May 4, 1886, to C. A. Bell and S. Tainter, for an invention relating to devices for recording and reproducing sounds. The cause was heard on motion for preliminary injunction.

Philip Mauro, for complainant.
E. Clinton Rhoads, for respondents.

DALLAS, Circuit Judge. This is a motion for a preliminary injunction in a patent cause. The only legitimate purpose of such an injunction is to preserve the existing state of things until the rights of the parties can be thoroughly investigated and disposed of upon final hearing, and any unnecessary expression of the views of the court should, in the meantime, be avoided. The complainant is, in my opinion, entitled to the order he asks, upon facts which the proofs, as now presented, clearly establish; and therefore no others will be discussed. The letters and the bill of the defendants Hawthorne and Sheble to the Allen Phonograph Company show a sale by the former to the latter of a machine which cannot be used for any purpose except to make duplicates of sound records described and claimed in the patent in suit; and the validity of the patent, and that the unlicensed making of such sound records would violate it, being conceded, there is no room for question that this sale of a machine, which it is admitted by the affidavits of Hawthorne and of Sheble was a duplicator, constituted an infringement. Their letters plainly show

that they perfectly well understood that the purchaser intended to use it for making sound records; and, this being so, the statement in Hawthorne's affidavit that his firm did not make it, and did not themselves make any records upon it, is wholly immaterial. Where a person sells a machine which is useful only for the purpose of making a patented article, or makes such sale with knowledge that the thing sold is to be used to produce an infringing article, the seller is himself liable as an infringer. Walk. Pat. (3d Ed.) § 407. Careful consideration of the affidavits has also fully satisfied me that the defendants Snediker and Carr have made for their co-defendants Hawthorne and Sheble phonographs, or at least parts thereof, with knowledge that they were to be used, or to be put together for use, as duplicators to make sound records. Without the affidavit of James P. Bradt, the proof of this fact would, I think, be complete, and that affidavit places it beyond possibility of question. It is to the effect that Mr. Snediker admitted that his firm had made parts of such machines for Hawthorne and Sheble, and that he understood that they were parts of phonographs. This is a distinct statement of fact, which, if false, could, with equal distinctness, have readily been denied; but no denial of it has been made. In considering this motion I have regarded with solicitude the familiar principle that a preliminary injunction should be awarded with extreme caution, and never where the right is doubtful or the wrong uncertain; but here the right is admitted, and of its invasion there can be no reasonable doubt. The complainant's motion for a preliminary injunction is granted.