## AMERICAN VOTING MACH. CORPORATION et al. v. CITY OF NEW YORK et al.

District Court, S. D. New York.
Jan. 18, 1933.

Waldo G. Morse, of New York City (Harold Greenwald and C. Campbell Hunicke, both of New York City, of counsel), opposed.

Edwards, Bower & Pool, of New York City (Alfred W. Kiddle, of New York City, of counsel), for the motion.

WOOLSEY, District Judge.

This motion is denied.

I. Under Equity Rule 29 (28 USCA § 723), I can only entertain a motion to dismiss the complaint for infirmities appearing on the face thereof or on the complaint as amplified by such bill of particulars and annexed exhibits as plaintiffs may have been ordered to file. Cf. my opinion in Ussesa Sales Company v. Josam Manufacturing Company et al., 2 F. Supp. 190, dated January 17, 1933. On such a motion issues of fact cannot be considered. They must be raised by answer. E. B. Badger Company v. Arnold, 282 F. 115 (C. C. A. 1).

A motion for summary judgment on affidavits, which is in effect before me here, is not within the categories of motions to dismiss permitted on the equity side of the federal courts under Equity Rule 29.

II. Examination of the bill of complaint and the bill of particulars filed herein, whereby the allegations of the bill of complaint are amplified, shows that the plaintiff has at least stated a cause of action for a contributory infringement by the city of New York of the plaintiff's patent, for it is alleged in paragraph 21 of the complaint (italics mine):

"That plaintiffs are informed and believe and therefore aver that the defendant, The City of New York, has for some time and before the beginning of this action, and still is, within the Southern District of New York, and elsewhere in the State of New York, without permission or license of plaintiffs and in infringement of said letters patent, purchasing, using, operating, and *employing and procuring others to purchase, use and employ and intentionally giving aid to and co-operating therein,* apparatus embodying said patented invention and claimed in said letters patent or essential parts thereof in confederation with defendant, the Automatic Voting Machine Corporation, its agents and servants and that said defendant has profited and the plaintiffs have been damaged thereby."

Mr. Justice Lurton says of contributory infringement in Henry v. A. B. Dick Co., 224 U. S. 1, at page 34, 32 S. Ct. 364, 373, 56 L. Ed. 645, Ann. Cas. 1913D, 880 (italics mine):

" 'Contributory infringement,' says Judge Townsend in Thomson-Houston Electric Co. v. Kelsey Co. [(C. C.) 72 F. 1016, 1017], supra, 'has been well defined as the intentional aiding of one person by another in the unlawful making, or selling, or *using* of the patented invention.' To the same effect are Wallace v. Holmes, 9 Blatchf. 65, 29 Fed. Cas. [pages] 74, 79, No. 17,100; Risdon Iron & Locomotive Works v. Trent [C. C.] 92 F. 375; Thomson-Houston Electric Co. v. Ohio Brass Co., 26 C. C. A. 107, 54 U. S. App. 1, 80 F. 712, 721; American Graphophone Co. v. Hawthorne [C. C.] 92 F. 516."

See, also, Judge Learned Hand in Individual Drinking Cup Company v. Errett (D. C.) 300 F. 955 at page 960; and New York Scaffolding Company v. Whitney (C. C. A.) 224 F. 452, 459.

III. It is unnecessary, therefore, for me to discuss the question much dealt with on the argument as to whether the board of elections of the city of New York is an agency of that

municipality or of the state of New York, and I refrain from expressing any opinion thereon.

Settle order on notice.